**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROL J. DELGADO, | ) | Case No. 20-08603 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on **October 15, 2020, at 9:00 a.m.**, I will appear before the Honorable Judge Deborah L. Thorne, or any judge sitting in that judge's place, and present the **Trustee's Application To Employ Jenner & Block LLP As Special Counsel *Nunc Pro Tunc* As Of September 7, 2020** (the "**Motion**"), a copy of which is attached.

**This Motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the Motion, you ust do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password is required. The meeting ID and further information can also be found on Judge Thorne's web page on the Court's web site.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without a hearing.

| | |
|---|---|
| Dated: October 2, 2020 | Respectfully submitted, |
| Ronald R. Peterson (2188473) | GINA B. KROL, not individually but as |
| JENNER & BLOCK LLP | chapter 7 trustee for the estate of Carl J. |
| 353 N. Clark Street | Delgado |
| Chicago, Illinois 60654-3456 | |
| PH:    312-923-2981 | By: */s/ Ronald R. Peterson*_____ |
| FAX: 312-840-7381 | Proposed Special Counsel to the Trustee |

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on October 2, 2020.

                                            _/s/ Ronald R. Peterson_

## SERVICE LIST

**In re Delgado**
20-08603

**Via ECF Notification:**

- **Matthew C Abad**   bknotice@klueverlawgroup.com
- **William D Cherny**   bill@chernylaw.com, r42907@notify.bestcase.com
- **Joseph E Cohen**   jcohen@cohenandkrol.com, jcohenattorney@gmail.com;gkrol@cohenandkrol.com;jneiman@cohenandkrol.com;acartwright@cohenandkrol.com
- **Travis J Eliason**   travis.eliason@quarles.com
- **Sheryl A Fyock**   sfyock@llflegal.com
- **Jeffrey L. Gansberg**   jeffrey.l.gansberg@usdoj.gov
- **Gina B Krol**   gkrol@cohenandkrol.com, gkrol@ecf.axosfs.com;gkrol@cohenandkrol.com;acartwright@cohenandkrol.com;jneiman@cohenandkrol.com
- **Gina B Krol**   gkrol@cohenandkrol.com, gkrol@cohenandkrol.com;acartwright@cohenandkrol.com;jneiman@cohenandkrol.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Jeffrey M Monberg**   jeffrey.monberg@quarles.com, jenny.fik@quarles.com
- **Paul T Musser**   paul.musser@kattenlaw.com
- **Todd J Ruchman**   amps@manleydeas.com
- **Timothy R Yueill**   timothyy@nevellaw.com

**Via United States Mail:**

CIBC Bank USA
Katten Muchin Rosenman LLP
Attn: Paul T. Musser
525 West Monroe Street
Chicago, IL 60661-3693

CIBC Bank, USA
120 South LaSalle Street
Chicago, IL 60603-3403

Carol J Delgado
209 N. Ft. Lauderdale Beach Blvd.
Fort Lauderdale, FL 33304-4365

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

Carol J. Delgado
427 W. Benton Ave
Naperville, IL 60540

Office of the US Trustee
51 S.W. 1st Ave. Suite 1204
Miami, FL 33130-1614

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROL J. DELGADO, | ) | Case No. 20-08603 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**TRUSTEE'S APPLICATION TO EMPLOY JENNER & BLOCK LLP**
**AS SPECIAL COUNSEL *NUNC PRO TUNC* AS OF SEPTEMBER 7, 2020**

Gina B. Krol, not individually but as chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Carol J. Delgado (the "**Debtor**") submits this application (the "**Application**") for an order, substantially in the form attached hereto as Exhibit A, under section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving the employment of Jenner & Block LLP ("**Jenner & Block**"), *nunc pro tunc* as of September 7, 2020, as special counsel. In support of this Application, the Trustee relies upon the *Declaration of Ronald R. Peterson* (the "**Peterson Declaration**") attached to this Application as Exhibit B and respectfully states:

**JURISDICTION AND AUTHORITY**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court has authority to enter a final order on this Application. Even if the Court did not have such authority, the Trustee consents to the entry of a final order on this Application.

2. The relief requested in this Application is appropriate under section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

3. On Janury 27, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 1.)

4. On February 11, 2020, CIBC Bank USA ("**CIBC**") filed a motion to transfer venue of the Debtor's case to the Northern District of Illinois. (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 13.) CIBC alleged that venue should be transferred because (i) contrary to the Debtor's claims, the Debtor lives in Naperville, Illinois; and (ii) she maintains all of her assets, businesses, and properties in the Northern District of Illinois where she also is involved in multiple lawsuits including a criminal indictment against her. (*Id.* at 1.)

5. On March 9, 2020, the Florida bankruptcy court granted CIBC's motion and ordered that the Debtor's case "be transferred immediately to the U.S. Bankruptcy Court for the Northern District of Illinois – Eastern Division." (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 34.)

6. After transfer to this Court, on May 21, 2020, the United States Trustee for the Northern District of Illinois filed a motion to dismiss the Debtor's case or convert it to a case under chapter 7. (Dkt. 44.) The U.S. Trustee alleged that cause existed to dismiss or convert the case because the Debtor (i) failed to timely file monthly operating reports as required under chapter 11 of the Bankruptcy Code; (ii) failed to attend a meeting of creditors as required under section 341 of the Bankruptcy Code; and (iii) failed to pay quarterly fees to the U.S. Trustee as required by 28 U.S.C. §1930(a)(6). (Dkt. 44 at 5-8.) Acknowledging that the decision to convert or dismiss a case lies with the discretion of the Court, the U.S. Trustee suggested that conversion to chapter 7 would best serve the Debtor's creditors as it appeared that assets exist to satisfy the claims of creditors,

making the orderly administration of those assets by a chapter 7 trustee more desirable than a complete dismissal of the case. (*Id.* at 8-9.)

7. On June 1, 2020, CIBC filed a joinder to the U.S. Trustee's motion, supporting the U.S. Trustee's arguments and further arguing that cause existed to convert this case because (i) there are continuing losses and dimunition to the Debtor's estate; and (ii) there is no reasonable likelihood of the Debtor's rehabilitation through the chapter 11 process. (Dkt. 48 at 10-13.)

8. On June 11, 2020, the Court entered an order converting this case to a case under chapter 7 and authorizing the U.S. Trustee to appoint a chapter 7 trustee. (Dkt. 50.)

9. Thereafter, the U.S. Trustee appointed Gina B. Krol as chapter 7 trustee. (Dkt. 51.)

10. On June 16, 2020, the Trustee filed an application to employ the law firm of Cohen & Krol as her attorneys (Dkt. 55), which application the Court granted on June 25, 2020 (Dkt. 62).

11. Since her appointment, the Trustee and her counsel have been investigating the financial affairs of the Debtor and have determined that administration of this estate will be complicated for several reasons. First, the Debtor holds interests in real estate that potentially are subject to the claims of other owners and/or secured lenders. Second, the Debtor is involved in multiple lawsuits. In some, the Debtor likely holds valuable claims that would benefit the estate. In others, the Debtor may be at risk of liability. Notably, the Debtor has been criminally indicted in the Northern District of Illinois and that matter is ongoing. Finally, in this bankruptcy case, the Debtor has not been cooperative or forthcoming with the Court, her creditors, or the Trustee. In addition to her failure to appear at required meetings or provide necessary documentation, the Debtor appears to be filing motions and appeals primarily for the purpose of frustrating the administration of this case.

12. For all of these reasons, the Trustee believes that it is in the best interest of the Debtor's creditors to appoint special counsel to assist in the administration of this estate.

## RELIEF REQUESTED

13. By this Application, the Trustee requests entry of an order under section 327 of the Bankruptcy Code and in accordance with Bankruptcy Rule 2014 approving the employment of Jenner & Block as the Trustee's special counsel to represent and assist the Trustee in carrying out her duties. The Trustee seeks the approval *nunc pro tunc* to September 7, 2020, the date on which Jenner began its representation of the Trustee. The Trustee requests that Jenner & Block be retained to perform the services described and on the terms set forth in this Application.

## BASIS FOR RELIEF

14. The Trustee has selected Jenner & Block as her special counsel for this bankruptcy case because they are very experienced in representing all parties—particularly trustees—in complex bankruptcy cases.

15. Jenner & Block has more than 500 lawyers in offices in Chicago, New York, Los Angeles, Washington D.C. and, through an affiliated law firm, in London. Jenner has represented numerous creditor committees, retiree committees, and other significant stakeholders in large and complicated cases arising under chapter 7 and chapter 11 of the Bankrupty Code. Jenner & Block's bankruptcy attorneys, which include four members of the American College of Bankruptcy and two members of the National Bankruptcy Conference, have represented hundreds of clients in high-profile bankruptcy cases, adversary proceedings, and related appeals around the country.

16. As set forth in the Peterson Declaration, the Jenner & Block attorneys who primarily will oversee the Trustees representation are Ronald Peterson and Landon Raiford, both of whom have extensive experience representing chapter 11 and chapter 7 trustees. Mr. Peterson has been a member of the panel of chapter 7 trustees for the Northern District of Illinois, Eastern Division since 1988. And both Mr. Peterson and Mr. Raiford have extensive experience representing trustees, receivers, examiners, and other parties in cases involving significant real

4

property and in cases involving suspected fraud and related criminal proceedings. Those matters include serving as trustee for the Lancelot Investors Fund and its affiliates, a $1.7 billion Ponzi scheme; representing the examiner in the Lehman Brother bankruptcy; representing the chapter 7 trustee for Mid-States Express, Inc., an Illinois-based trucking company with a yearly business income over $70 million; representing the chapter 7 trustee for 1120 Club LLC, a large Illinois-based real estate developer; and representing the chapter 7 trustee for Kevin G. Carney, in the trustee's litigation arising out of the collapse of a large Ponzi scheme.

17. Through her employment of Jenner & Block, the Trustee will have the benefit of the knowledge and experience of Jenner's attorneys, as well as the ability to call upon attorneys within Jenner & Block with experience in other specialized areas of law as may be needed. The Trustee believes that Jenner & Block is qualified to represent it in this case in a cost-effective, efficient, and timely manner.

**Services to be Provided**

18. The Trustee anticipates Jenner & Block will render the following services, among others:

    a. providing legal advice regarding the Trustee's duties and powers in this case;

    b. assisting the Trustee in her investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, the status of the Debtor's business and real estate operations, and any other matters relevant to the case;

    c. investigating the Debtor's transactions with third parties and pursuing litigation where appropriate;

    d. assessing current litigation involving the Debtor and assisting in the resolution of that litigation as appropriate;

    e. representing the estate as necessary in criminal proceedings involving the Debtor;

    f. assisting the Trustee in liquidating the assets of the estate; and

 g. providing such other legal services deemed necessary by the Trustee.

 19. Jenner & Block has been working, and will continue to work, in close consultation with the Trustee and her lawyers at Cohen & Krol to ensure that there is no duplication of services by Jenner's representation of the Trustee. The Trustee believes that maintaining Cohen & Krol as her legal counsel and Jenner & Block as her special counsel will allow her to structure her representation in this case in the most effective, efficient manner possible to maximize the recovery for the Debtor's creditors.

### Jenner & Block's Disinterestedness

 20. As described in detail in the Peterson Declaration, Jenner & Block has conducted a search of its conflict database and has made other internal inquiries about connections with the Debtor and the entities and individuals listed on Schedule 1 to the Peterson Declaration. The Peterson Declaration sets forth the scope of the search and those inquiries and their results.

 21. The Trustee believes that none of Jenner & Block's connections to parties in interest identified in the Peterson Declaration disqualify Jenner & Block from serving as counsel to the Trustee. The Trustee understands that the disclosures by Jenner & Block set forth in the Peterson Declaration have been made based upon a review of the best information available at the time.

 22. Jenner & Block has agreed to review its files periodically during its employment in this case to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

### Professional Compensation

 23. Jenner & Block intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Trustee in connection with this chapter 7 case. Subject to Court approval and the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any other proceedings or orders entered by the Court, as set forth in the Peterson Declaration, Jenner & Block will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect as of the date services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Jenner & Block on the Trustee's behalf. The Peterson Declaration sets forth information concerning such hourly rates as currently in effect, which are:

| | |
|---|---|
| Partners | $650 to $1,400 |
| Counsel | $600 to $1,300 |
| Associates | $510 to $880 |
| Staff Attorneys | $440 to $525 |
| Discovery Attorneys | $265 to $275 |
| Paraprofessionals | $230 to $400 |

24.     The primary attorneys expected to render services to the Trustee, along with their respective current hourly rates, are partners Ronald Peterson ($1,225) and Landon Raiford ($900), and associate John VanDeventer ($780).

25.     Jenner & Block will not charge any markup to the Trustee on fees billed by review attorneys or, to the extent used, any contract attorneys. Moreover, any review attorneys, contract attorneys, or non-attorneys who are employed by Jenner & Block in connection with work performed for the Trustee will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

26.     The Trustee believes that Jenner & Block's rates are reasonable and comparable to the rates charged by other firms for similar services. The Trustee requests that all fees and related costs and expenses incurred by Jenner & Block be paid as administrative expenses of the estate under and subject to sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code.

**Notice**

27. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel for the Debtor; (iii) counsel for CIBC; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Trustee respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as Exhibit A, approving her employment of Jenner & Block as special counsel in this chapter 7 case, *nunc pro tunc* to Setpember 7, 2020, and granting the Trustee such other and further relief as the Court deems just and proper.

Dated: October 2, 2020

Respectfully submitted,

GINA B. KROL, not individually but as chapter 7 trustee for the estate of Carl J. Delgado

By: */s/ Ronald R. Peterson*
Proposed Special Counsel to the Trustee

Ronald R. Peterson (2188473)
Landon S. Raiford (6297473)
John D. VanDeventer (6315809)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:    312-923-2981
FAX:  312-840-7381

8