**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROL J. DELGADO, | ) | Case No. 20-08603 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on **Thursday, July 15, 2021, at 9:00 a.m**., I will appear before the Honorable Judge Deborah L. Thorne, or any judge sitting in that judge's place, and present the **Trustee's Motion To Approve Settlement With Timothy Turek** (the "**Motion**"), a copy of which is attached.

**This Motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the Motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728. No password is required. The meeting ID and further information can also be found on Judge Thorne's web page on the Court's website.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without a hearing.

| | |
|---|---|
| Dated: June 17, 2021 | Respectfully submitted, |
| Ronald R. Peterson (2188473) | GINA B. KROL, not individually but as |
| JENNER & BLOCK LLP | chapter 7 trustee for the estate of Carol J. |
| 353 N. Clark Street | Delgado |
| Chicago, Illinois  60654-3456 | |
| PH:    312-923-2981 | By: */s/ Ronald R. Peterson* |
| FAX:  312-840-7381 | Special Counsel to the Trustee |

## **CERTIFICATE OF SERVICE**

I, Ronald R. Peterson, certify that on June 17, 2021, I caused a copy of the foregoing **Trustee's Motion to Approve Settlement with Timothy Turek** to be served upon the parties listed on the attached Service List that are registered with the Court's CM/ECF system, by electronic notification of the filing and to all others by U.S. mail, properly addressed and postage prepaid.

/s/ *Ronald R. Peterson*

# **SERVICE LIST**

In re Delgado
20-08603

**VIA ECF Notification:**

- **Matthew C Abad**  bknotice@klueverlawgroup.com
- **William D Cherny**  bill@chernylaw.com, r42907@notify.bestcase.com
- **Joseph E Cohen**  jcohen@cohenandkrol.com, cohenattorney@gmail.com; gkrol@cohenandkrol.com; jneiman@cohenandkrol.com; acartwright@cohenandkrol.com
- **Travis J Eliason**  travis.eliason@quarles.com
- **Sheryl A Fyock**  sfyock@llflegal.com
- **Jeffrey L. Gansberg**  jeffrey.l.gansberg@usdoj.gov
- **Gina B Krol**  gkrol@cohenandkrol.com, gkrol@ecf.axosfs.com; gkrol@cohenandkrol.com; acartwright@cohenandkrol.com; jneiman@cohenandkrol.com
- **Gina B Krol**  gkrol@cohenandkrol.com, gkrol@cohenandkrol.com; acartwright@cohenandkrol.com; jneiman@cohenandkrol.com
- **Patrick S Layng**  USTPRegion11.ES.ECF@usdoj.gov
- **Jeffrey M Monberg**  jeffrey.monberg@quarles.com, jenny.fik@quarles.com
- **Paul T Musser**  paul.musser@kattenlaw.com
- **Todd J Ruchman**  amps@manleydeas.com
- **Timothy R Yueill**  timothyy@nevellaw.com

**VIA U.S. Mail:**

Associated Bank
200 N. Adams Street
Green Bay, WI 54301-5174

Associated Bank National Association
c/o Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654-3422

Bank Of America
PO Box 982238
El Paso TX 79998-2238

Brent D. Houck
209 N. Ft. Lauderdale Beach Blvd.
Fort Lauderdale, FL 33304-4365

CIBC Bank USA
Katten Muchin Rosenman LLP
Attn: Paul T. Musser
525 West Monroe Street
Chicago, IL 60661-3693

CIBC Bank, USA
120 South LaSalle Street
Chicago, IL 60603-3403

Capital One Bank (USA), N.A.
by American InfoSource as agent
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118-7901

Capital One Bank (USA), N.A
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Capital One Bank USA
PO Box 30281
Salt Lake City, UT 84130-0281

Capital One Sparks
PO Box 30281
Salt Lake City, UT 84130-0281

Carol J Delgado
209 N. Ft. Lauderdale Beach Blvd.
Fort Lauderdale, FL 33304-4365

Charles A. DeVore
Katten Muchin Rosenman LLP
525 W Monroe St.
Chicago, IL 60661-3629

Citibank Visa
PO Box 6241
Sioux Falls, SD 57117-6241

Citicards CBNA
PO Box 6241
Sioux Falls, SD 57117-6241

City of Naperville
Finance Department
P.O. Box 3020
Naperville, IL 60566-7020

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Discover Financial Services
502 E. Market Street
Greenwood, DE 19950-9700

Carol J. Delgado
427 W. Benton Ave
Naperville, IL 60540

Discover Personal Loans
PO Box 30954
Salt Lake City, UT 84130-0954

HSBC Bank USA, N.A.
Attn: Business Services
2929 Walden Ave C17
Depew, NY 14043-2690

HSBC Bank, USA
PO Box 4657
Carol Stream, IL 60197-4657

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

JB Architecture Group Inc.
1320 N. Rt 59, Ste. 124
Naperville, IL 60563-4297

Katten Muchin Rosenman, LLP
525 W. Monroe Street, Ste. 1900
Chicago, IL 60661-3693

Midwest Windows & Supply/Trimworks
800 Hicks Drive
Elburn, IL 60119-9060

2

Nationstar Mortgage LLC d/b/a Mr. Cooper
Attn: Bankruptcy Dept
PO Box 619096
Dallas, TX 75261-9096

Nationstar Mortgage LLC
d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Dallas, TX 75019-4620

Nationstar Mortgage LLC d/b/a Mr. Cooper
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

NewRez LLC d/b/a Shellpoint Mortgage
Servici
Bankruptcy Department
P.O. Box 10826
Greenville, SC 29603-0826

Office of the U.S. Trustee
219 South Dearborn St., Room 873
Chicago, IL 60604-2027

Office of the US Trustee
51 S.W. 1st Ave. Suite 1204
Miami, FL 33130-1614

On Deck Capital, Inc.
c/o Christine Levi
1400 Broadway
New York, NY 10018-5300

On-Deck Capital Inc.
101 W. Colfax Ave. 10th Floor
Denver, CO 80202-5167

Roland Masonry & Construction
31W576 North Ave.
West Chicago, IL 60185-1021

Sofi
2750 E. Cottonwood Pkwy
Salt Lake City, UT 84121-7284

Sofi Lending Corp.
375 Healdsburg Ave. Ste. 2
Healdsburg, CA 95448-4150

Village Bank and Trust
311 South Arlington Heights Rd.
Arlington Heights, IL 60005-1956

Village Bank & Trust Company
c/o Sheryl A. Fyock
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, IL 60603-5128

ZHY Investments, LLC
1896 Sheridan Road #280
Highland Park, IL 60035-2655

World Global Capital LLC
D/B/A YES FUNDING
30 Broad Street, 14th Floor, Ste. 14108
New York, NY 10004-2304

Carol J Delgado
427 W Benton Ave
Naperville, IL 60540-4405

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROL J. DELGADO, | ) | Case No. 20-08603 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing: July 15, 2021 at 9:00 a.m. |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH TIMOTHY TUREK**

Gina B. Krol, not individually but solely as chapter 7 trustee (the "**Trustee**") for Carol J. Delgado (the "**Debtor**"), respectfully moves (the "**Motion**") for entry of an Order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Trustee to settle a pending lawsuit against Timothy Turek, and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. To the extent this Court does not have constitutional authority to enter a final order on this Motion absent consent, the Trustee hereby consents to the entry of a final order. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 363, and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

### BACKGROUND

**A. General Background**

3. In June 2018, the Debtor and her alleged co-conspirator Brent Houck were criminally indicted in the U.S. District Court for the Northern District of Illinois on five counts of wire fraud in connection with an alleged bank fraud scheme. (*See United States v. Carol J.*

*Delgado*, Case No. 18-cr-00122 (N.D. Ill.), Dkt. 16.) That case has been delayed by COVID-19 and remains pending. The Debtor's criminal counsel terminated his representation of the Debtor in March 2021 and she is currently proceeding *pro se* in that case.

4. On January 27, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 1.)

5. On February 13, 2020, Debtor filed her schedule of assets and liabilities, whereby she, without limitation, admitted to wholly owning Renewable Asset Management Company, LLC ("**RAMCO**") and RAMCO Holdings, LLC ("**RAMCO Holdings**"). She also admitted to owning a 50% ownership interest in FMSI of Delaware, Inc., which wholly owns Financial Management Services, Inc. ("**FMSI**," together with RAMCO and RAMCO Holdings, the "**Delgado Plaintiff Entities**"). On the Petition Date, the Debtor's ownership interests in the Delgado Plaintiff Entities and her resultant right to control the assets of those entities (and of their subsidiaries) became property of the Debtor's bankruptcy estate (the "**Estate**").

6. On February 11, 2020, CIBC Bank USA ("**CIBC**") filed a motion to transfer venue of the Debtor's case to the Northern District of Illinois. (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 13.) On March 9, 2020, the Florida bankruptcy court granted CIBC's motion and ordered that the Debtor's case "be transferred immediately to the U.S. Bankruptcy Court for the Northern District of Illinois – Eastern Division." (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 34).

7. After transfer to this Court, on May 21, 2020, the United States Trustee for the Northern District of Illinois filed a motion to dismiss the Debtor's case or convert it to a case under chapter 7. (Dkt. 44). The U.S. Trustee alleged that cause existed to dismiss or convert the case

2

because the Debtor (i) failed to timely file monthly operating reports as required under chapter 11 of the Bankruptcy Code; (ii) failed to attend a meeting of creditors as required under section 341 of the Bankruptcy Code; and (iii) failed to pay quarterly fees to the U.S. Trustee as required by 28 U.S.C. §1930(a)(6). (Dkt. 44 at 5-8). Acknowledging that the decision to convert or dismiss a case lies with the discretion of the Court, the U.S. Trustee suggested that conversion to chapter 7 would best serve the Debtor's creditors as it appeared that assets exist to satisfy the claims of creditors, making the orderly administration of those assets by a chapter 7 trustee more desirable than a complete dismissal of the case. (*Id.* at 8-9).

8. On June 11, 2020, the Court entered an order converting this case to a case under chapter 7 and authorizing the U.S. Trustee to appoint a chapter 7 trustee. (Dkt. 50). On June 26, 2020, the Debtor and her alleged co-conspirator Brent Houck moved to set aside or amend the order converting this case (Dkts. 60, 61), which motions the Court denied on July 2, 2020 (Dkt. 67, 68).

9. Thereafter, the U.S. Trustee appointed Gina B. Krol as chapter 7 trustee. (Dkt. 51).

10. On July 17, 2020, the Debtor and Houck filed an appeal of the Court's decision denying their motion to set aside or amend the order converting this case. (Dkt. 69). That appeal was subsequently dismissed for want of prosecution.

**B. Prepetition Litigation with Timothy Turek**

11. On September 12, 2016, Timothy Turek was appointed as Receiver for RAMCO, FMSI of Delaware, Inc., and certain other entities listed below that were owned and controlled by the Debtor in Case No. 2016 CH 11769 pending before the Circuit Court of Cook County, Illinois.

12. On November 29, 2016, Turek filed voluntary chapter 11 bankruptcy petitions on behalf of RAMCO (Case No. 16-37669), FMSI of Delaware, Inc. (Case No. 16-37671), FMSI

3

Consumer Credit Corporation (Case No. 16-37672), FMSI-Financial Resources, LLC (Case No. 16-37673) and Three Marketiers (Case No. 16-37674) in the United States Bankruptcy Court for the Northern District of Illinois (collectively, the "**2016 Bankruptcy Cases**" and those entities collectively with the Delgado Plaintiff Entities, the "**Delgado Entities**").

13. On December 7, 2016, after certain questions arose concerning Turek's authority to file the bankruptcy petitions, the 2016 Bankruptcy Cases were voluntarily dismissed pursuant to an agreed order.

14. On August 3, 2017, the Debtor filed Case No. 2017 L 000863 (the "**2017 Lawsuit**") in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois asserting abuse of process, tortious interference, and conversion claims against Turek based on the purportedly unauthorized 2016 Bankruptcy Cases filings. Turek denies and contests these claims and allegations and contends that the 2017 Lawsuit was brought for the purpose of harassment and is frivolous.

15. On March 19, 2018, the 2017 Lawsuit was dismissed for want of prosecution.

16. On March 18, 2019, the Debtor and the Delgado Plaintiff Entities filed Case No. 2019 CH 03550 (the "**2019 Lawsuit**") in the Circuit Court of Cook County, Illinois asserting abuse of process, tortious interference, and conversion claims against Turek based on the purportedly unauthorized 2016 Bankruptcy Cases filings. Turek denies and contests these claims and allegations and contends that the 2019 Lawsuit was brought for the purpose of harassment and is frivolous.

17. On August 7, 2020, the 2019 Lawsuit was dismissed as to FMSI for lack of FMSI's legal capacity.

4

18. The Trustee has reviewed the legal and factual bases of the 2019 Lawsuit and has determined that the claims asserted therein do not constitute a likely source of recovery for the Estate.

19. Still, for the purposes of obtaining finality and securing Turek's release for the Trustee and the Estate, Turek's agreement not to file a claim in this Bankruptcy Case as well as Turek's good-faith cooperation in the Trustee's investigation and any future litigation concerning the Debtor, the Delgado Entities, or the Bankruptcy Case, the Trustee and Turek have agreed, subject to the Bankruptcy Court's approval, to fully settle and resolve all disputes between them under the terms of the settlement agreement attached hereto as Exhibit A (the "**Settlement Agreement**").

## RELIEF REQUESTED

20. By this Motion, the Trustee seeks authority pursuant to Bankruptcy Rule 9019(a) to enter into the Settlement Agreement and hereby represents that Turek's mutual release and agreement to cooperate in the Trustee's investigation constitutes a fair and reasonable compromise between the Parties, that it will expedite administration of the Debtor's estate, and that it is in the best interest of the Debtor's estate in light of the questionable merits of the 2019 Lawsuit, the costs of litigating the 2019 Lawsuit, and the estate's potential exposure to Turek. As such, the Trustee respectfully seeks the Court's approval of the Settlement Agreement.

21. Specifically, Bankruptcy Rule 9019(a) provides, in part, that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). As a matter of policy, compromises and settlements are favored in order to minimize litigation and

expedite administration of the estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

22. The benchmark for determining the propriety of a bankruptcy settlement under Bankruptcy Rule 9019(a) is whether the settlement is fair and equitable and in the best interests of the estate. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994); *In re Energy Coop., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161-62 (7th Cir. 1987) (explaining same and instructing that any distinction between the "best interests of the estate" and the "fair and equitable" standards is of little consequence).

23. In determining whether a proposed settlement is fair and equitable, neither an evidentiary hearing nor a rigid mathematical analysis is required. *Depoister*, 36 F.3d at 586, 588; *In re Energy Coop.*, 886 F.2d at 928-29. Rather, the court must determine whether the proposed compromise falls within the reasonable range of litigation possibilities. *In re Energy Coop.*, 886 F.2d at 929; *In re Am. Reserve Corp.*, 841 F.2d at 161.

24. Consummating the Settlement Agreement is in the best interests of the Debtor's estate and creditors. Having reviewed the factual and legal bases for the 2019 Lawsuit, the Trustee believes that overcoming the requisite burden of proof will be a lengthy and uncertain undertaking. Moreover, the Trustee believes that the estate's limited litigation budget will be better spent investigating and pursuing other causes of action that are more likely to yield a recovery for the estate.

25. The Trustee therefore does not believe that continuing to litigate the 2019 Lawsuit is in the best interests of the Debtor's estate and creditors. Instead, the Trustee believes the mutual releases contemplated by the Settlement Agreement are well within the range of possible outcomes

from litigation and represents a fair compromise of the claims in light of the potential costs and uncertainties of litigation.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto: (a) approving and authorizing the Trustee to enter into the Settlement Agreement; (b) finding that the claims being released by the Trustee under the Settlement Agreement are either property of the Estate or are otherwise subject to the Trustee's control by virtue of the Estate's ownership interest in the entities holding such claims; and (b) granting such other relief as may be just.

Dated: June 17, 2021

Respectfully submitted,

GINA B. KROL, not individually but as chapter 7 trustee for the estate of Carol J. Delgado

By:/s/ *Ronald R. Peterson*

Ronald R. Peterson (2188473)
William A. Williams (6321738)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois  60654-3456
PH:     312-923-2981
FAX:   312-840-7381

*Special Counsel to the Trustee*