# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROL J. DELGADO, | ) | Case No. 20-08603 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on **Thursday, September 9, 2021, at 9:00 a.m**., I will appear before the Honorable Judge Deborah L. Thorne, or any judge sitting in that judge's place, and present the **Trustee's Motion To Extend Time To Object To Discharge And Dischargeability Of Debts** (the "**Motion**"), a copy of which is attached.

**This Motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the Motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728. No password is required. The meeting ID and further information can also be found on Judge Thorne's web page on the Court's website.

**If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without a hearing.

| | |
|---|---|
| Dated: September 1, 2021 | Respectfully submitted, |
| Ronald R. Peterson (2188473) | GINA B. KROL, not individually but as |
| JENNER & BLOCK LLP | chapter 7 trustee for the estate of Carol J. |
| 353 N. Clark Street | Delgado |
| Chicago, Illinois  60654-3456 | |
| PH:   312-923-2981 | By: */s/ Ronald R. Peterson*_____ |
| FAX:  312-840-7381 | Special Counsel to the Trustee |

## **CERTIFICATE OF SERVICE**

I, Ronald R. Peterson, certify that on September 1, 2021, I caused a copy of the foregoing **Trustee's Motion to Extend Time to Object to Debtor's Discharge and Dischargeability of Debts** to be served upon the parties listed on the attached Service List that are registered with the Court's CM/ECF system, by electronic notification of the filing and to all others by U.S. mail, properly addressed and postage prepaid.

                                                                                                                          /s/ *Ronald R. Peterson*

**SERVICE LIST**

In re Delgado
20-08603

**VIA ECF Notification:**

- **Matthew C Abad**       bknotice@klueverlawgroup.com
- **William D Cherny**     bill@chernylaw.com, r42907@notify.bestcase.com
- **Joseph E Cohen**       jcohen@cohenandkrol.com, cohenattorney@gmail.com; gkrol@cohenandkrol.com; jneiman@cohenandkrol.com; acartwright@cohenandkrol.com
- **Travis J Eliason**     travis.eliason@quarles.com
- **Sheryl A Fyock**       sfyock@llflegal.com
- **Jeffrey L. Gansberg**  jeffrey.l.gansberg@usdoj.gov
- **Gina B Krol**          gkrol@cohenandkrol.com, gkrol@ecf.axosfs.com; gkrol@cohenandkrol.com; acartwright@cohenandkrol.com; jneiman@cohenandkrol.com
- **Gina B Krol**          gkrol@cohenandkrol.com, gkrol@cohenandkrol.com; acartwright@cohenandkrol.com; jneiman@cohenandkrol.com
- **Patrick S Layng**      USTPRegion11.ES.ECF@usdoj.gov
- **Jeffrey M Monberg**    jeffrey.monberg@quarles.com, jenny.fik@quarles.com
- **Paul T Musser**        paul.musser@kattenlaw.com
- **Todd J Ruchman**       amps@manleydeas.com
- **Timothy R Yueill**     timothyy@nevellaw.com

**VIA U.S. Mail:**

CIBC Bank USA
Katten Muchin Rosenman LLP
Attn: Paul T. Musser
525 West Monroe Street
Chicago, IL 60661-3693

CIBC Bank, USA
120 South LaSalle Street
Chicago, IL 60603-3403

Carol J Delgado
209 N. Ft. Lauderdale Beach Blvd.
Fort Lauderdale, FL 33304-4365

Carol J. Delgado
427 W. Benton Ave
Naperville, IL 60540

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

Office of the US Trustee
51 S.W. 1st Ave. Suite 1204
Miami, FL 33130-1614

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CAROL J. DELGADO, | ) | Case No. 20-08603 |
| | ) | |
| Debtor. | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing: September 9, 2021 at 9:00 a.m. |

## TRUSTEE'S MOTION TO EXTEND TIME
## TO OBJECT TO DEBTOR'S DISCHARGE AND DISCHARGEABILITY OF DEBTS

Gina B. Krol, not individually but solely as chapter 7 trustee (the "**Trustee**") for Carol J. Delgado (the "**Debtor**"), respectfully moves (the "**Motion**") for entry of an Order, pursuant to section 727(c)(1) of the Bankruptcy Code and Bankruptcy Rules 4004(b) and 4007(c), extending the deadline to file complaints objecting to the Debtor's discharge and/or the dischargeability of debts, and states:

### JURISDICTION AND AUTHORITY

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court has authority to enter a final order on this Motion. Even if the Court did not have such authority, the Trustee consents to the entry of a final order on this Motion.

2. The relief requested in this Motion is appropriate under section 727(c)(1) of the Bankruptcy Code and Bankruptcy Rules 4004(b) and 4007(c).

### BACKGROUND

3. On January 27, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 1).

4. On February 11, 2020, CIBC Bank USA ("**CIBC**") filed a motion to transfer venue of the Debtor's case to the Northern District of Illinois. (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 13).

5. On March 9, 2020, the Florida bankruptcy court granted CIBC's motion and ordered that the Debtor's case "be transferred immediately to the U.S. Bankruptcy Court for the Northern District of Illinois – Eastern Division." (Case No. 20-11045-PGH (Bankr. S.D. Fla.), Dkt. 34).

6. After transfer to this Court, on May 21, 2020, the United States Trustee for the Northern District of Illinois filed a motion to dismiss the Debtor's case or convert it to a case under chapter 7. (Dkt. 44). The U.S. Trustee alleged that cause existed to dismiss or convert the case because the Debtor (i) failed to timely file monthly operating reports as required under chapter 11 of the Bankruptcy Code; (ii) failed to attend a meeting of creditors as required under section 341 of the Bankruptcy Code; and (iii) failed to pay quarterly fees to the U.S. Trustee as required by 28 U.S.C. §1930(a)(6). (Dkt. 44 at 5-8). Acknowledging that the decision to convert or dismiss a case lies with the discretion of the Court, the U.S. Trustee suggested that conversion to chapter 7 would best serve the Debtor's creditors as it appeared that assets exist to satisfy the claims of creditors, making the orderly administration of those assets by a chapter 7 trustee more desirable than a complete dismissal of the case. (*Id.* at 8-9).

7. On June 11, 2020, the Court entered an order converting this case to a case under chapter 7 and authorizing the U.S. Trustee to appoint a chapter 7 trustee. (Dkt. 50.) On June 26, 2020, the Debtor and creditor Brent Houck moved to set aside or amend the order converting this case (Dkts. 60, 61), which motions the Court denied on July 2, 2020 (Dkt. 67, 68).

2

8. Thereafter, the U.S. Trustee appointed Gina B. Krol as chapter 7 trustee. (Dkt. 51).

9. On July 17, 2020, the Debtor and her close associate Brent Houck filed an appeal of the Court's decision denying their motion to set aside or amend the order converting this case. (Dkt. 69). On December 3, 2020, the District Court dismissed the appeal due to the appellants' failure to file their opening brief. (Dkt. 119).

10. Following dismissal of the appeal, the Trustee and her counsel began investigating the assets, liabilities, and financial affairs of the Debtor. Before filing for bankruptcy, the Debtor owned and managed a variety of business ventures—most notably Financial Management Services, Inc. ("FMSI") and Renewable Asset Management Company, LLC ("RAMCO"), which operated as project financing companies in the construction and solar industries, respectively.

11. Notably, in June 2018, the Debtor was been criminally indicted in the U.S. District Court for the Northern District of Illinois in connection with an alleged fraud scheme in which the Debtor is alleged to have fraudulently obtained bank loans in the name FMSI and RAMCO. (*See United States v. Carol J. Delgado*, Case No. 18-cr-00122 (N.D. Ill.), Dkt. 16.) Specifically, the Debtor is alleged to have included in the borrowing base certificates it submitted to its lenders loans FMSI and RAMCO made to purportedly arm's-length corporate entities that were in fact controlled by the Debtor or her family members (or, in other instances, were purely fictitious). (*See id.*).

12. The Trustee is also aware of the Debtor's ties to numerous other corporate entities, some of which appear to have valuable assets as to which the Debtor's estate might have a meritorious claim or interest. Moreover, the Trustee also has reason to believe the Debtor may

have concealed or failed to disclose certain valuable interests in property or may have transferred certain assets to her family members or related corporate entities before she filed this case. However, the Trustee's investigation into these matters has been frustrated by the Debtor's lack of cooperation, including by failing to appear at required meetings or provide necessary documentation.

13. On March 18, 2021, the Court authorized the Trustee to conduct discovery under Federal Rule of Bankruptcy Procedure 2004. Thereafter, the Trustee issued subpoenas to, among others, numerous banks and certain of the Debtor's immediate family members and other close associates seeking documents and information pertaining to transactions between the Debtor, her family members and other insiders, and the myriad entities they control.

14. To date, despite repeated attempts to contact them, the Trustee still has not received any response from the insider parties and is therefore in the process of taking the appropriate steps to compel their compliance.

15. Unable to wait any longer to receive the requested documents, the Trustee intends to move to compel the Debtor to attend an examination under oath, surrender her prepetition records to the Trustee, amend her bankruptcy schedules, and otherwise comply with her obligations as a chapter 7 debtor.

16. Currently, the last day for the Trustee to object to the Debtor's discharge or the dischargeability of the Debtor's debts is September 21, 2021 (Dkt. 128).

17. Given the aforementioned discovery delays, the lack of cooperation from the Debtor and her family members, and the complexity of the Debtor's financial affairs more generally, the Trustee therefore requires additional time to determine whether cause exists to object to the Debtor's discharge or the dischargeability of any of the Debtor's debts.

18. Accordingly, the Trustee requests an extension of the deadline to object to the Debtor's discharge or dischargeability of debts to January 27, 2022 (*i.e.* the second anniversary of the Petition Date, which also represents the statutory deadline for the Trustee to bring estate causes of action).

19. Pursuant to Bankruptcy Rules 4004(b) and 4007(c), the Trustee has filed this Motion prior to the expiration of the current deadline to file a complaint objecting to the Debtor's discharge and/or the dischargeability of certain debts.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

A. Extending the deadlines to file a complaint objecting to the Debtor's discharge under Section 727 of the Bankruptcy Code and to dischargeability of her debts under Section 523 of the Bankruptcy Code to January 27, 2022; and

B. Granting such other and further relief as this Court deems just.

Dated: September 1, 2021                    Respectfully submitted,

Ronald R. Peterson (2188473)                GINA B. KROL, not individually but as
William A. Williams (6321738)               chapter 7 trustee for the estate of Carol J.
JENNER & BLOCK LLP                          Delgado
353 N. Clark Street
Chicago, Illinois  60654-3456               By: */s/ Ronald R. Peterson*
PH:   312-923-2981                              Special Counsel to the Trustee
FAX:  312-840-7381

5